FLORIDA INDUSTRIAL COMMISSION and C. B. SMITH, D. W. MILLAN and M. J. FOLLEY, as Chairman and Members of said Commission, v. STATE OF FLORIDA, on the relation of Gulf Oil Corporation, a Pennsylvania Corporation authorized to do business in Florida.

32 So. (2nd) 319                                    June Term, 1947
October 28, 1947                                        Division A

*J. Tom Watson,* Attorney General, *Howard S. Bailey,* Assistant Attorney General, *Burnis T. Coleman* and *Herbert W. Miller,* for appellants.

*Ausley, Collins & Truett, Walter C. Clemons* (Houston, Texas) and *R. F. Carter* (Houston, Texas), for appellee.

TERRELL, J.:

The Gulf Oil Corporation proffered its petition praying for alternative writ of mandamus to require the Florida Industrial Commission to refund certain contributions made by it to the Unemployment Compensation Fund, based on wages paid by its bulk station operators to their employees. There was an answer and a return to the alternative writ, to which demurrer was interposed. The demurrer was sustained and final judgment followed by peremptory writ, was entered in favor of Relators. This appeal is from the final judgment.

The sole question presented for determination is whether or not Gulf Oil Corporation is required to make contributions to the Unemployment Compensation Fund based on wages paid by its bulk station operators to their employees.

It is admitted that the bulk stations in question, better known as filling stations, are located at many points over the state, that they are owned by the Gulf Oil Corporation, but that they are operated by independent contractors. It is also admitted that the Gulf Oil Corporation is engaged in the busi-

ness of producing, refining, transporting and marketing crude petroleum, including its products, that it markets these products through distributors known as independent contractors who frequently engage in other enterprises, incident to the business of retailing Relator's petroleum products. In many cases retailing petroleum products is a mere incident to the main business of the contractor.

Under these retail contracts, the Gulf Oil Corporation furnishes the bulk station, and the operator furnishes all office supplies, and other equipment required to make retail sales of petroleum products. He hires and fires his help, regulates their pay and directs their activities, he has complete control of the business and directs its policy, he receives a commission for his services and is responsible for any losses in bulk deliveries to him.

The question presented turns on the interpretation of Section 443.03 (6) (C) F.S.A., the pertinent part of which is as follows:

"(c) *Whenever any employing unit contracts with or has under it any contractor or subcontractor, not including any bona fide lessee, for any work which is part of its usual trade, occupation, profession or business, unless the employing unit as well as each such contractor or subcontractor is an employer by reason of section 443.07 (7) of this chapter, the employing unit shall for all the purposes of this chapter be deemed to employ each individual in the service of each such contractor or subcontractor.*"

In Florida Industrial Commission v. State ex rel. Orange State Oil Company, 155 Fla. 772, 21 So. (2nd) 599, we held that distributors operating bulk stations were "engaged in an independently operated business," and if they employ eight or more servants they are required to contribute to the Unemployment Compensation Fund, otherwise, they are not required to contribute to it. It will hardly be questioned that the purpose of the act in question was to forestall evading contribution to the fund by breaking up the business into several units, some of which might not employ the required number of servants.

Appellants base their case on the theory that in certain communities in the State, the Gulf Oil Corporation delivers its products direct to the consumer from its distribution point. It is contended that delivery in this way determines the character of all the business it conducts, including that through individual contracts.

We find no merit to this contention. It may be that in certain cases direct deliveries are made to the consumer, but if it be true, they are made under a different contract and so far as we are advised, have no relation to the bulk station deliveries which, as has already been pointed out, are made by independent contractors engaged in their own business. Some of the cases refer to them as factors, consignees or commission merchants. We have examined the statute carefully and we find no reason whatever to hold that the employees of bulk station operators are employees of appellee. The chancellor so held and gave very cogent reasons for his judgment.

All the cases we have been able to find point to this conclusion and we find none, not even those cited by appellants, that point in a different direction. The Texas Company v. New Jersey Unemployment Compensation Commission 132 N.J. 362, 40 Atl. (2) 574; Florida Industrial Commission v. Orange State Oil Co. 155 Fla. 772, 21 So. (2nd) 599; Washington Recorder Publishing Co. v. Ernest, 199 Wash. 176, 91 Pac. (2nd) 718; The Texas Co. v. Wheelness, 185 Miss. 799, 187 So. 880; Gulf Oil Corporation v. United States, 57 Fed. Supp. 376.

The judgment appealed from is therefore affirmed.

Affirmed.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.